996 F.2d 1220
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Terrius WYNN, also known as Terry Wynn, Defendant/Appellant.
 No. 92-2895.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 26, 1993.*
Decided June 16, 1993.
 
 Before CUMMINGS, COFFEY and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 A jury convicted Terrius Wynn of conspiring to possess with the intent to distribute over five kilograms of cocaine. The judge sentenced him to 240 months' imprisonment. This sentence reflected the court's conclusion that, because Wynn was convicted of conspiracy, he automatically became accountable for all the conduct arising from the conspiracy. The length of Wynn's sentence therefore reflected punishment for all the acts arising out of the conspiracy rather than mirroring just his own conduct. After Wynn appealed we remanded the case in order for the judge to resentence Wynn based on findings of Wynn's individual involvement in the various drug deals, rather than imputing wholesale to Wynn the acts of all the conspirators. United States v. Thompson, 944 F.2d 1331, 1343-44 & 1351 (7th Cir.1991).
 
 
 2
 As stated in more detail in our initial opinion, Wynn was part of a group of conspirators that ran cocaine from Los Angeles to Milwaukee. The judge's task on remand was to make specific findings, supported by a preponderance of the evidence, regarding Wynn's conduct in this operation that was in furtherance of the conspiracy and the conduct of the conspirators that was reasonably foreseeable to Wynn. United States v. Edwards, 945 U.S. 1387, 1392 (7th Cir.1991); U.S.S.G. § 1B1.3. At the second sentencing hearing the government maintained that it could show with enough specificity that Wynn was responsible for or knew of all sixty-five kilograms of cocaine that the conspirators dealt. Wynn countered that he should be held responsible for at least three-and-a-half kilograms but not more than five kilograms. The court held that Wynn was responsible for thirty-six kilograms of cocaine dealing. The court based this finding on Wynn's knowledge of eighteen trips made by members of the drug-dealing ring during which the court found that two to five kilograms were transported on each trip. Using the low-end number of two kilograms per trip, multiplied by eighteen trips that the court found Wynn knowledgeable of, the court arrived at its conclusion that Wynn was responsible for thirty-six kilograms. The court noted the evidence that Wynn controlled large sums of money and helped to prepare the cocaine for distribution, but it did not consider this evidence in arriving at the sentencing number.
 
 
 3
 We review the court's findings for clear error. It is agreed by all that Chris Guddie made fifteen trips in furtherance of the cocaine-dealing operation. She made these trips while Wynn was associated with Thompson. She testified that she knew that Wynn was associated with Thompson and so she thought Wynn knew of her trips. There was enough evidence of Wynn's knowledge of Guddie's trips for the court to hold by a preponderance that Wynn knew of the shipment of those thirty kilograms of cocaine. The court counted against Wynn the trip that he took to California and the two trips that Jennifer Bailey took to California. Wynn contests the court's finding that he knew of Bailey's trips. However, even if the evidence did not support this finding, the guideline range would not change. Therefore the court's finding that Wynn's relevant conduct included the dealing of between fifteen and forty-nine kilograms was not clearly erroneous.
 
 
 4
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a): Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs